**Vernon Lincoln JOHNSON, Petitioner,**

v.

**Harry C. TINSLEY, Warden, Colorado State Penitentiary, Respondent.**

**Civ. A. No. 8783.**

United States District Court
D. Colorado.

Jan. 28, 1965.

Isaac Mellman, Denver, Colo., for Johnson.

James W. Creamer, Jr., Asst. Atty. Gen., Denver, Colo., for Tinsley.

CHILSON, District Judge.

This matter came on for hearing before the Court on January 11, 1965, the petitioner appearing by Mr. Isaac Mellman, his retained counsel, and the respondent appearing by Mr. James W. Creamer, Jr., Assistant Attorney General of the State of Colorado.

From the hearing it appears that the petitioner was charged in the State court with the unlawful and premeditated murder of one Raymond McMaster on November 9, 1958, and in a second count with aggravated robbery committed on the same date from one Nick Lenarz. Upon trial, a jury returned a verdict acquitting the petitioner of the murder charge but convicting him of aggravated robbery. On review the robbery conviction was reversed by the Colorado Supreme Court on the ground that the jury was not properly instructed, and the cause was remanded for a new trial on the robbery count. See Johnson v. The People, 145 Colo. 314, 358 P.2d 873.

Upon retrial Johnson was again convicted of aggravated robbery and sentenced to the state penitentiary.

The petitioner then sought a reversal of his conviction by writ of error to the

Colorado Supreme Court, alleging in essence the same matters which are alleged in the present petition now before this Court, namely:

(1) That the acquittal on the murder count in the first trial barred prosecution of the robbery charge under the doctrine of autrefois acquit;

(2) That the trial court committed errors in the admission of evidence, instructions to the jury, and in recessing the trial for a period of thirty-three days.

At the hearing before this Court the transcripts of the two previous trials in the State court were offered and admitted into evidence. No other evidence was offered and at the conclusion of the hearing the Court took the matter under advisement.

The Court has read the transcript of the proceedings in the second trial. A fair summary of the evidence upon which the petitioner was convicted is contained in the opinion of the Colorado Supreme Court in Johnson v. People, Colo., 384 P. 2d 454. This summary is as follows:

"1. Revelo and Vernon Sides and the defendant, all of whom apparently resided in Denver, 'met' in Boulder during the late evening of November 8, 1958, Johnson driving a Hudson car bearing California license plates and the two Sides having their own vehicle;

"2. These two vehicles were driven to a secluded spot, where the Sides vehicle was parked and all then drove off in the defendant's car, one of the Sides transferring to Johnson's car a bag in which there were burglary tools, coveralls, stocking masks, baseball caps and two .38 revolvers and one Luger;

"3. These three then drove in defendant's car north from Boulder to Lyons where they 'cased' several establishments with an eye to committing burglary, and defendant at about 1:30 A.M. on November 9, 1958 dropped the Sides brothers at the edge of Lyons, the Sides taking their 'equipment' with them;

"4. At about 2 A.M. on November 9, 1958 the Sides brothers 'held up' a restaurant and tavern known as the Hideout, in Lyons, and at gun point took certain moneys from the bartender, Lenarz, who immediately thereafter telephoned a report of the robbery to the 'law in Longmont';

"5. Shortly before 3 A.M. on November 9, 1958 defendant 'met' the two Sides, who were then afoot in an open field adjacent to a back road near Lyons, and the Sides got into defendant's car and the three began to return to Boulder, with the Sides changing their clothing in the back seat;

"6. A few miles down the road the Johnson vehicle ran into a roadblock thrown up by law enforcement officers, and those manning the roadblock testified that they saw only one person in the vehicle, namely the driver who later turned out to be Johnson, the Sides at the time lying down on the floor of the back seat;

"7. Upon command Johnson came out of the car with his hands in the air, and moments later the Sides got out of the car on the opposite side and one of them shot and killed McMaster;

"8. That in the ensuing melee a voice behind officer Groghjon said 'drop your gun—I've got you covered', whereupon Groghjon wheeled, saw Johnson and began shooting at him, wounding him in the shoulder;

"9. That the Sides and Johnson successfully escaped the area and when Johnson was apprehended several days later and interrogated by the police he was generally uncommunicative, though he reportedly did state that he couldn't understand why he was in on the 'job', since he didn't need the money."

 We must bear in mind that this Court, in passing upon the present petition, is not sitting as an appellate court

to review the State court proceedings. This Court reviews the State court proceedings only to determine whether or not any of the petitioner's federal constitutional rights have been invaded.

As to the petitioner's plea of former jeopardy and that his acquittal on the murder charge bars his conviction on the robbery charge, would if true be a violation of the Federal Constitution only if the Fifth Amendment prohibition against double jeopardy applies to state proceedings.

■ Palko v. State of Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288, held that this Fifth Amendment provision does not apply to state proceedings.

■ Even if the Fifth Amendment was applicable, the petitioner's acquittal on the murder charge does not bar his retrial on the robbery charge. The murder and the robbery with which the petitioner was charged are entirely separate and distinct offenses involving different elements and requiring the proof of different facts.

The remaining grounds for the petition are alleged errors committed by the trial court in the admission of evidence, in the instructions given to the jury, and for the recess of the trial for a period of thirty-three days.

■ Habeas corpus cannot be used as a writ of error to review irregularities and errors in the trial court. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. No one of the alleged errors, standing alone, invades any of the petitioner's federal constitutional rights.

■ However, the duty of the Court extends further and the Court must review the entire proceedings and not each separate part and step thereof, to determine whether or not there has been a denial of due process in the conduct of the trial which offends the Fourteenth Amendment.

■ For this purpose the Court has reviewed the entire record and finds that the total result was the granting to the accused of a fair and deliberate trial.

The proceedings were conducted by the trial court with care, and counsel for the petitioner were most zealous in asserting and protecting the rights of the petitioner during the course of the trial and upon appeal.

No federal constitutional rights of the petitioner have been invaded and the petition should be denied.

It is therefore ordered that the petition be and the same is hereby denied.